# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 661-1008
anne@leelitigation.com

July 5, 2018

**Via ECF**
The Honorable Judge Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:   *Falcon v. Bogopa Service Corp, et al.*
              Case No.: 17-cv-6230

Dear Judge Schofield:

    We are counsel to Plaintiff. We write, jointly with counsel to Defendants, to respectfully request that Your Honor approve the settlement and dismiss this action in its entirety. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

    **I.   Legal Standard**

    As the Court is aware, when FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

    This agreement should be approved because: (i) the Settlement Agreement does not contain any confidentiality provision; (ii) the release is narrowly tailored to Plaintiff's time shaving claim; and (iii) attorneys' fees are 1/3 of the settlement amount after the deduction of costs. The $30,000 settlement falls within the range of reasonableness in light of the best possible recovery and all of the risks of litigation and should be approved.

    **II.   Settlement Between Plaintiff and Defendants is Objectively Fair, Adequate and Reasonable**

*Plaintiff's Range of Possible Recovery*

    Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $30,000; $20,000 of which represents the settlement amount to be allocated to Plaintiff, in return for the release of his time shaving claims. Plaintiff is receiving over 100% of the total alleged back wages owed under the FLSA on Plaintiff's time shaving claim, even after the deduction of attorneys' fees. Attached hereto as **Exhibit B** are damage calculations for

Plaintiff's alleged unpaid compensation due to time shaving, which show the back wages (inclusive of Federal liquidated damages) calculated to be approximately $16,000.

Plaintiff's damage calculations assume that all the facts alleged by Plaintiff as to Defendants' alleged time shaving practice are entirely correct, specifically, that Plaintiff's off-the-clock working hours were approximately 3.5 hours every week. Defendants contest most of Plaintiff's allegations and argue that Plaintiff is owed significantly less, if anything. If Defendants were to succeed at trial in establishing that Plaintiff was properly paid for all of his hours worked, Plaintiff's damages would be significantly reduced, and he would run the significant risk of obtaining less than the payment he is receiving in the settlement.

*The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks*

Plaintiff wishes to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Such risk is unnecessary given that Plaintiff is receiving more than 100% of his alleged back wages owed on his time shaving claim.

This case presents additional risk as, during the parties' mediation Defendants argued that the Action was brought in the improper venue and threated to move to dismiss on such basis. In view of this risk, the Parties were able to reach a settlement on Plaintiff's time shaving claims (which, once *Cheeks* approval is granted, will be dismissed with prejudice), and have stipulated that all other claims brought by Plaintiff will be dismissed without prejudice.

Plaintiff believes the amount of $30,000 is a fair result, obtaining over 100% of his alleged back wages owed on his time shaving claim, even after the deduction of attorney's fees, while eliminating the risks of trial.

*The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion*

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant information and an open sharing of facts. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive recovery of over 100% of his back wages due to time shaving, plus attorneys' fees, eliminating all liability against Defendants on Plaintiff's time shaving claim, and eliminating the burdens and costs of trial.

**III. The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $30,000 settlement amount, $10,000 is allocated to attorneys' fees and costs. The $10,000 in legal fees and costs equals 1/3 of the

settlement amount, which is routinely approved as attorney's fees in such FLSA matters. Attached as **Exhibit C** are Plaintiff's counsel's time records and lodestar summary.

Plaintiff's counsel's fees and costs of $10,000 is fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing for and attending the initial conference, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and serving Defendants with discovery demands, preparing a motion for conditional collective certification, meeting and conferring with Defendants' counsel regarding discovery disputes, raising discovery disputes with the Court, attending a discovery hearing before Magistrate Judge Pitman, preparing for and engaging in mediation, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter with prejudice, as to Plaintiff's time shaving claim, and that all other claims in the action be dismissed without prejudice.

We thank Your Honor for considering this matter.

Respectfully submitted,

__/s/ Anne Seelig__
Anne Seeilg, Esq.

Encl.

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between SERVERIANO FALCON ("Claimant" or "Plaintiff") and BOGOPA SERVICE CORP. and SPENCER AN (collectively the "Company" or "Defendants"), (Claimant and the Company are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of June 26, 2018.

## RECITALS

A.  WHEREAS, on or about August 17, 2017, Claimant filed an action (the "Action") against Company, alleging, *inter alia*, that Company failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court for the Southern District of New York, Case No. 17-cv-6230;

B.  WHEREAS, no court has considered or determined the claims presented;

C.  WHEREAS, Company admits no wrongdoing, nor any liability with respect to Claimant's allegations;

D.  NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1.  <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2.  <u>Settlement Compensation and General Release</u>

Company agrees to pay Claimant the settlement amount of $30,000 (the "Settlement Amount"), as follows:

   a) On or before June 30, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by Claimant's counsel), a check in the amount of $10,000, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

   b) On or before June 30, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by Claimant's counsel), a check in the amount of

$10,000, without any deductions or withholdings, payable to "Serveriano Falcon".

c) On or before June 30, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by Claimant's counsel), a check in the amount of $10,000, subject to deductions and withholdings, payable to "Serveriano Falcon".

If payment is not timely made, the full balance of the Settlement Amount shall be due and payable immediately and Defendants shall also be penalized ten percent (10%) for the unpaid balance, compounded monthly, accuring from the date of the default.

For and in consideration of the payment provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges Company from any and all time shaving claims, that he has or may have had at any time in the past through the date of this Agreement.

3. <u>Voluntary Dismissal with Prejudice</u>. Upon execution of the Settlement Agreement, the parties shall file a Stipulation of Dismissal with prejudice in the Action, as to Plaintiff's time shaving claim only. All other claims shall be dismissed without prejudice.

4. <u>Cooperation</u>. Claimant and Company mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

5. <u>Jurisdiction</u>. The Settling Parties consent that the court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

6. <u>Headings</u>. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents.

_____
Serveriano Falcon


**BOGOPA SERVICE CORP.**

By: _____
     Name:
     Title:


_____
**Spencer An**

If payment is not timely made, the full balance of the Settlement Amount shall be due and payable immediately and Defendants shall also be penalized ten percent (10%) for the unpaid balance, compounded monthly, accuring from the date of the default.

For and in consideration of the payment provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges Company from any and all time shaving claims, that he has or may have had at any time in the past through the date of this Agreement.

3. <u>Voluntary Dismissal with Prejudice</u>. Upon execution of the Settlement Agreement, the parties shall file a Stipulation of Dismissal with prejudice in the Action, as to Plaintiff's time shaving claim only. All other claims shall be dismissed without prejudice.

4. <u>Cooperation</u>. Claimant and Company mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

5. <u>Jurisdiction</u>. The Settling Parties consent that the court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

6. <u>Headings</u>. The Settling Parties understand and agree that the headings in this
Settlement Agreement are for their convenience only, and have no legal significance.

[Rest of Page Left Intentionally Blank]
IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents.

_____
Serveriano Falcon

BOGOPA SERVICE CORP.

By: _____
Name: Edward On
Title: Executive Vice President

_____
Spencer An

# EXHIBIT B

## FOR SETTLEMENT PURPOSES ONLY
(Food Bazaar)

**Calculaton for**     **Serveriano Falcon**

### Period 1
**Assumptions:**
| | |
|---|---|
| Period Worked | August 18, 2011 to December 31, 2013 |
| Number of weeks worked | 124 weeks |
| Scheduled Hours worked/week | 60 hours |
| Salary | $7.25/hour |

**Unpaid Overtime due to Time-Shaving**
During this working period, off-the-clock working hours were 3.5 hours every week.
Unpaid Wage = 10.88 x 3.5 hour x worked weeks
= 10.88 x 3.5 x 124
= $4,721.92

**Period 1 Total =**  $4,721.92

### Period 2
**Assumptions:**
| | |
|---|---|
| Period Worked | January 1, 2014 to December 31, 2014 |
| Number of weeks worked | 52 weeks |
| Scheduled Hours worked/week | 60 hours |
| Salary | $8.00/hour |

**Unpaid Overtime due to Time-Shaving**
During this working period, off-the-clock working hours were 3.5 hours every week.
Unpaid Wage = 12 x 3.5 hour x worked weeks
= 12 x 3.5 x 52
= $2,184.00

**Period 2 Total =**  $2,184.00

### Period 3
**Assumptions:**
| | |
|---|---|
| Period Worked | January 1, 2015 to December 31, 2015 |
| Number of weeks worked | 52 weeks |
| Scheduled Hours worked/week | 60 hours |
| Salary | $8.75/hour |

**Unpaid Overtime due to Time-Shaving**
During this working period, off-the-clock working hours were 3.5 hours every week.
Unpaid Wage = 13.13 x 3.5 hour x worked weeks
= 13.13 x 3.5 x 52
= $2,389.66

**Period 3 Total =**  $2,389.66

### Period 4
**Assumptions:**
| | |
|---|---|
| Period Worked | January 1, 2016 to December 31, 2016 |
| Number of weeks worked | 52 weeks |

|  | Scheduled Hours worked/week | 60 hours |
|---|---|---|
|  | Salary | $9.00/hour |

**Unpaid Overtime due to Time-Shaving**

During this working period, off-the-clock working hours were 3.5 hours every week.

Unpaid Wage = 13.5 x 3.5 hour x worked weeks
= 13.5 x 3.5 x 52
= $2,457.00

**Period 4 Total =** $2,457.00

## Period 5

**Assumptions:**

| Period Worked | January 1, 2017 to February 4, 2017 |
|---|---|
| Number of weeks worked | 5 weeks |
| Scheduled Hours worked/week | 60 hours |
| Salary | $11.00/hour |

**Unpaid Overtime due to Time-Shaving**

During this working period, off-the-clock working hours were 3.5 hours every week.

Unpaid Wage = 16.5 x 3.5 hour x worked weeks
= 16.5 x 3.5 x 5
= $288.75

**Period 5 Total =** $288.75

**Back wages (all periods) =** $12,041.33

Federal Liquidated Damage  =                    $3,955.00

**Total =  $15,996.33**

Legal fees and expenses to be determined.

# EXHIBIT C
# [REDACTED ON ECF]